**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dudley Greer, dba Greer Farms, | ) No. CV-10-799-PHX-SMM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **MEMORANDUM OF DECISION AND** |
| | ) **ORDER** |
| T.F. Thompson & Sons, Inc., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| T.F. Thompson & Sons, Inc., et al., | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| vs. | ) |
| | ) |
| Dudley Greer, dba Greer Farms, | ) |
| | ) |
| Counter-Defendant. | ) |
| | ) |

Before the Court is the Renewed Motion for Award of Attorney's Fees and Costs by Defendants/Counter-Claimants T.F. Thompson & Sons, Inc., et al. ("Thompson"). (Doc. 132.) Plaintiff/Counter-Defendant Dudley Greer, dba Greer Farms ("Greer") has responded, Thompson has replied, and the matter is fully briefed. (Docs. 134, 135.) The Court will grant Thompson's motion in part, and deny in part.

## BACKGROUND

Greer filed the initial complaint in this case against Thompson, alleging four claims arising out of contract, one claim for negligence, and one claim for fraudulent concealment.

SMM

1    (Doc. 1.)  The dispute centered around Greer's assertion that Thompson sold Greer diseased

2    seed potatoes.  (Id.)  Thompson filed a motion in limine to exclude Plaintiff's expert witness,

3    which the Court granted.  (Doc. 111.)  The Court then also granted Thompson's motion for

4    summary judgment on all six of Greer's claims, finding that in light of the exclusion of

5    Greer's witness, there was no longer any genuine dispute of material facts sufficient to

6    support those claims.  (Id.)

7         Thompson subsequently filed its original motion for attorney fees and costs.  (Doc.

8    114.)  Greer then filed a motion to alter or amend the judgment of the Court pursuant to

9    FED. R. CIV. P. 59(e), arguing that the Court's ruling excluding Greer's witness and granting

10   summary judgment for Thompson misapprehended the factual record, improperly resolved

11   disputed factual issues, and was manifestly unjust.  (Doc. 117.)   The Court ordered

12   Thompson to respond to Greer's motion to amend judgment, which Thompson did.  (Doc.

13   118; Doc. 123.)  Greer also filed his response to Thompson's original motion for attorney

14   fees and costs, and Thompson replied.  (Doc. 119; Doc. 124.)

15        The Court then denied Greer's motion to amend the judgment.  (Doc. 125.)  On

16   February 21, 2012, Greer appealed the Court's judgment to the United States Court of

17   Appeals for the Ninth Circuit.  (Doc. 127.)   In light of the appeal, this Court denied

18   Thompson's original motion for attorney fees without prejudice to re-file pending disposition

19   of the appeal.  (Doc. 130.)  On June 22, 2012, the Court of Appeals granted Greer's motion

20   to dismiss the appeal.  (Doc. 131.)  Thereupon, Thompson filed its renewed motion for

21   attorney fees, asking once again for attorneys fees, with the additional inclusion of attorney

22   fees incurred by Thompson in responding both to Greer's motion to amend the judgment and

23   Greer's appeal to the Ninth Circuit.  (Doc. 132; Doc. 133.)

                                    **LEGAL STANDARD**

25        An Arizona court may award reasonable attorney fees to a successful party in any

26   contract action. ARIZ. REV. STAT. § 12-341.01(A).  "In any contested action arising out of

27   a contract, express or implied, the court may award the successful party reasonable attorney

28   fees."  ARIZ. REV. STAT. § 12-341.01(A).  However, this statutory provision does not create

- 2 -

1   a presumption that a successful party is entitled to attorney fees.  <u>Associated Indem. Corp.</u>

2   <u>v. Warner</u>, 694 P.2d 1181, 1182-83 (Ariz. 1985) (en banc).  An award of reasonable attorney

3   fees under § 12-341.01(A) should be made to mitigate the burden of the expense of litigation

4   to establish a just claim or a just defense.  ARIZ. REV. STAT. § 12-341.01(B).  "It need not

5   equal or relate to the attorney fees actually paid or contracted, but the award may not exceed

6   the amount paid or agreed to be paid."  <u>Id.</u>

7           The trial court has discretion to award attorney fees under § 12-341.01(A) and is

8   urged to use the following factors in making its determination: (1) the merits of the claim or

9   defense presented by the unsuccessful party; (2) whether the litigation could have been

10  avoided or settled and the successful party's efforts were completely superfluous in achieving

11  the results; (3) whether assessing fees against the unsuccessful party would cause an extreme

12  hardship; (4) whether the successful party did not prevail with respect to all the relief sought;

13  (5) the novelty of the legal question presented; (6) whether such claim or defense had

14  previously been adjudicated in this jurisdiction; and (7) whether the award in any particular

15  case would discourage other parties with tenable claims or defenses from litigating or

16  defending legitimate contract issues for fear of incurring liability for substantial amounts of

17  attorney fees.  <u>Warner</u>, 694 P.2d at 1184.

18          If there is any reasonable basis for the exercise of the trial court's discretion in

19  awarding attorney fees under Section 12-341.01, an appellate court will not disturb the trial

20  court's judgment. <u>Id.</u> at 1184-85.    L.R.Civ. 54.2(d) identifies the supporting documentation

21  a movant must provide in support of a motion for attorney fees, including a statement of

22  consultation from moving counsel, a copy or recitation of the fee agreement, an itemized fee

23  and expense report, and an affidavit establishing the reasonableness of the rate, time spent,

24  and expenses incurred.

25          In regards to attorney fees for appellate work, Ninth Circuit Rule 39-1.6(a) provides:

26          *Time Limits*.  Absent a statutory provision to the contrary, a request for
            attorneys' fees shall be filed no later than 14 days after the expiration of the
27          period within which a petition for rehearing may be filed, unless a timely
            petition for rehearing is filed.

28

1   Ninth Circuit Rule 39-1.8 further provides that any party who may be eligible for attorney

2   fees on appeal may "within the time permitted in Circuit Rule 39-1.6, file a motion to transfer

3   consideration of attorneys fees on appeal to the district court . . . from which the appeal was

4   taken."

5       This rule authorizes the Ninth Circuit to transfer a request for appellate fees to the

6   district court, "but the decision to permit the district court to handle the matter rests with the

7   court of appeals," and absent transfer a district court is not authorized to rule on a request for

8   such fees. Cummings v. Connell, 402 F.3d 936, 947-48 (2005).  However, a district court

9   may be authorized to rule on a motion for appellate attorneys' fees where the language of the

10  fee-shifting statute relied on by the moving party allows the district court to award fees for

11  all levels of litigation. See NRDC v. Winter, 543 F.3d 1152, 1164 (2008) (finding that the

12  fee-shifting statute at issue allowed the district court to award appellate fees, because the

13  statute stated that a court shall award fees incurred by the prevailing party in any civil action

14  brought "*in any court* having jurisdiction of that action." (emphasis in original)).

15  **DISCUSSION**

16      Thompson requests this Court award it $227,744.50 in attorney fees and costs arising

17  from its defense against Greer's claims.  (Doc. 133.)  Thompson includes in this calculation

18  additional fees and costs incurred in the time since filing its original motion for fees, which

19  Thompson asserts were incurred responding both to Greer's Motion to Amend and his appeal

20  to the Ninth Circuit.  (Id.)

21      Greer responds with four main arguments.  (Doc. 134.)  First, that this Court's

22  previous order denying Thompson's original motion with leave to re-file precludes

23  Thompson from filing this new, revised motion.  (Id.)  Second, that this Court should deny

24  Thompson's request for appellate fees because it failed to properly request such fees before

25  the Ninth Circuit.  (Id.)  Third, that Thompson has failed to establish the reasonableness of

26  its overall request for fees.  (Id.)  And fourth, that Thompson has failed to establish the

27  specifics of its fee agreement with counsel, the reasonableness of its hourly rate, and the

28  reasonableness of time spent by counsel.  (Id.)

1     Additionally, Greer incorporates his previous response to Thompson's original motion

2  for fees (Doc. 119).  (Id.)  In that original response, Greer argued further that Thompson's

3  itemized list of charges included a number of items for which attorney fees should not be

4  awarded, such as travel time and clerical tasks.  (Doc. 119 at 13-15.)  The Court will address

5  each of Greer's objections in turn.

6         **I.     Thompson's Revised Motion for Fees**

7         The Court finds that Thompson is not precluded from bringing this revised motion for

8  attorney fees.   While the Court's prior order (Doc. 130) stated that Thompson could

9  "reinstate its motion at the proper time" by filing a motion to renew, the Court did not

10 prohibit Thompson from updating the motion.  (Id.)  Moreover, after Thompson's original

11 motion was submitted, Greer filed a motion to reconsider the Court's order granting summary

12 judgment, and this Court ordered Thompson to respond.  (Doc. 118.)  The Court finds that

13 there is no just reason to prohibit Thompson from updating its motion to include those fees

14 Thompson alleges were incurred responding to Greer's motion to reconsider.

15        **II.    Thompson's Request for Appellate Fees**

16        As to Thompson's claim for fees incurred as a result of Greer's appeal, Greer argues

17 that Thompson's request must be denied for his failure to properly present the request before

18 the Ninth Circuit.  (Doc. 134.)  Greer asserts that because Thompson filed neither a request

19 for attorney fees before the Ninth Circuit, nor a request for transfer of the issue back to this

20 Court, Thompson cannot be awarded these fees by this Court.  (Id. at 5-6.)

21        Thompson responds by arguing that the language of ARIZ. REV. STAT. § 12-341.01(A)

22 "does not limit an award of attorneys' fees by this Court to only that portion of litigation

23 before this Court, but permits the Court to properly award fees for all levels of litigation."

24 (Doc. 135 at 4.)  In support of this assertion, Thompson cites to NRDC, 543 F.3d at 1164.

25 (Id.)  Thompson's reliance on NRDC is misplaced.  In that case, the Ninth Circuit held that

26 the district court could award appellate fees despite the movant's failure to satisfy Ninth

27 Circuit Rules, because the fee-shifting statute relied upon there, 42 U.S.C. § 1988, stated

28 explicitly that a court should award fees and other expenses incurred "*in any court* having

1  jurisdiction of that action." NRDC, 543 F.3d at 1164 (emphasis in original) (internal

2  citations omitted).

3          Here, Thompson offers no support for its theory that ARIZ. REV. STAT. § 12-341.01(A)

4  contains any such permissive language. (Doc. 135.) While the Court notes that section

5  12-341.01(A) does not explicitly limit the district courts to awarding fees incurred at that

6  level, neither does the plain language "indicate that the district court may properly award fees

7  for *all* levels of litigation." NRDC, 543 F.3d at 1164. Moreover, 39-1.6 provides that the

8  time and procedural strictures will apply "*absent a statutory provision to the contrary.*"

9  Ninth Circuit Rule 39-1.6(a) (emphasis added). Here, there is no provision in ARIZ. REV.

10  STAT. § 12-341.01(A) which can be fairly read to contradict the clear requirements of the

11  Ninth Circuit rules. Thus, this Court finds that Thompson's request for the $6,210.00 in fees

12  incurred at the appellate level must be denied.

13          **III.   Reasonableness of Overall Request for Fees**

14          The Court finds that Thompson's request for an award of attorney fees is reasonable.

15  This Court previously found that Greer's case depended so heavily on the unreliable and

16  unsupported assertions of its expert that all six claims were dismissed on summary judgment

17  once the Court excluded the expert's testimony. (Doc. 111.) In addition, Greer's initial

18  demand prior to filing this suit was for $437,897.18. (Doc. 119 at 9.) The Court finds that

19  Defendant's refusal of this demand was reasonable. Thereafter, the parties attempted

20  settlement through formal mediation, but were unsuccessful. (Doc. 133 at 5.)

21          Greer contends that an award of attorney fees would constitute a significant financial

22  hardship, and that the Court should thus deny Thompson's motion. However, on October

23  18, 2012, the Court granted Greer thirty days in which to file verified financial statements

24  under seal as evidence of financial hardship. (Doc. 136.) Greer failed to file any such

25  documents, and thus the Court has no substantiated evidence of financial hardship.

26          Thompson prevailed with respect to all relief sought, and this case did not present

27  novel legal issues. Greer argues, however, that an award of fees to Thompson will have a

28  chilling effect on the pursuit of other tenable claims. (Doc. 119 at 11.) Greer alleges that

1    Thompson was defended by the Fireman's Fund under a reservation of rights, which

2    provided unlimited funds to Thompson for litigation, but no funds to settle, which created

3    a natural incentive for Thompson to litigate aggressively and refuse to negotiate toward

4    settlement.  (Id.)  The Court disagrees that the mere fact that Thompson was defended under

5    a reservation of rights necessarily leads to a conclusion that Thompson did not engage in

6    good faith settlement discussions.  Thus, Greer fails to show that an award of fees in this case

7    would have a deterrent effect on the pursuit of other, meritorious claims.

8         Therefore, the Court finds that Thompson's overall request for attorney fees in this

9    case is reasonable.

10   **IV.    Thompson's Fee Agreement, Reasonableness of Hourly Rate, and Reasonableness of Time Spent.**

11

12        Greer next argues that Thompson has failed to comply with the requirements of

13   L.R.Civ. 54.2(d)(2), by not submitting the proper documentation of its fee agreement with

14   counsel.  (Doc. 134 at 7.)  Greer's argument is without merit.  L.R.Civ. 54.2(d)(2) provides

15   that a copy of any written fee agreement, "or a full recitation of any oral fee agreement" must

16   be attached to the memorandum in support of a motion for attorney fees.  Here, Thompson

17   provides a copy of the e-mail correspondence in which it established the fee agreement with

18   counsel.  (Doc. 133-2.)  Moreover, Thompson's attorney Stephen McCarron recites the fee

19   agreement fully in his statement.  (Doc. 133-5 at 7.)  Thus, the Court finds that Thompson

20   properly complied with the documentation requirements of the local rules.

21        Greer argues further that the hourly rate of $300.00 paid by Thompson was not

22   reasonable.  (Doc. 134 at 8.)  Greer alleges that Thompson provides no evidence that this rate

23   is reasonable for insurance defense work in the Phoenix, Arizona legal community, and that

24   Mr. McCarron's declaration does not establish his familiarity with the prevailing community

25   rates.  (Id.)

26        Greer's argument here is unavailing; L.R.Civ. 54.2(d)(4)(B) requires a "brief

27   discussion of the terms of the written or oral fee agreement," and "the method by which the

28   customary charges were established, the comparable prevailing community rate or other

1   indicia of value of the services rendered." Here, attorney McCarron's statement adequately

2   supports the hourly rate with discussion of the value of the services rendered by him and his

3   co-counsel, attorneys with substantial experience in agricultural litigation. (Doc. 133-5 at

4   3-6.) Moreover, the Court is entitled to rely on its own familiarity with customary rates and

5   the reasonableness of attorney fees. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir.

6   2011). Thus, the Court finds that Thompson's requested hourly rate is reasonable.

7           Finally, Greer challenges the reasonableness of the time spent by Thompson's

8   attorneys on two grounds: (1) that the billing ledger evidences inaccurate billing by attorney

9   McCarron; and (2) that Thompson's claimed hours spent responding to his Motion to Amend

10   are excessive and improper. (Doc. 134 at 8-10.)

11          Greer argues that Mr. McCarron's billing practices are obviously inaccurate due to

12   the fact that Mr. McCarron "never made a billing entry for less than two-tenths of an hour

13   in over two years of litigation," and that "all of [his] time entries over 1.3 hours are billed to

14   the nearest half hour and usually to the nearest hour." (Doc. 134 at 9.) Thompson responds

15   by pointing out that this billing method reflects the division of labor between himself and his

16   co-counsel Ms. Fassett, as evidenced by the numerous time entries of one-tenth of an hour

17   in her billing log. (Doc. 135 at 6.) The Court finds that Thompson's billing logs do not

18   reflect an unreasonable accounting of time spent.

19          Greer argues also that the time spent by Thompson's attorneys was not reasonable,

20   alleging that Thompson claims excessive hours spent responding to Greer's Motion to Alter

21   or Amend Judgment. (Doc. 134 at 9-10.) According to Greer, Thompson's attorneys could

22   have prepared their response in less than the forty hours claimed. (Id.) Greer's argument,

23   however, amounts to nothing more than baseless second-guessing of the time spent by

24   Thompson's attorneys – time which was necessitated by Greer's filing of the Motion to

25   Amend. Thus, the Court finds that the time spent by Thompson's counsel in responding to

26   that motion was not unreasonable.

27          In its original response to Thompson's first motion for fees, Greer argued also that

28   Thompson's itemized list of charges included a number of items for which attorney fees

1  should not be awarded, such as travel time and clerical tasks.  (Doc. 119 at 13-15.)

2  Thompson responded to Greer's argument by agreeing to forego its claim for those 91.90

3  hours Greer alleged were improper. (Doc. 124 at 4.)  Thus, this argument is moot.

4  **CONCLUSION**

5  Therefore, after a review of the record, including the affidavit of Stephen M.

6  McCarron and an accompanying itemized statement of fees, the Court finds that Thompson's

7  claim for attorneys' fees in the amount of $227,744.50 is reasonable, with the exception of

8  the $6,210.00 claimed in appellate fees.  Thus, Thompson will be awarded fees in the amount

9  of $221,534.50.

10  Accordingly,

11  **IT IS ORDERED** that Defendant's Motion for Attorneys' Fees is **GRANTED** in part

12  and **DENIED** in part.  (Doc. 132)

13  **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor

14  of Defendant Thompson for attorneys' fees in the amount of $221,534.50.

15  DATED this 11th day of December, 2012.

Stephen M. McNamee
Senior United States District Judge

- 9 -