**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dudley Greer, dba Greer Farms, | No. CV-10-799-PHX-SMM |
| Plaintiff, | |
| vs. | **MEMORANDUM OF DECISION AND ORDER** |
| T.F. Thompson & Sons, Inc., et al., | |
| Defendants. | |
| T.F. Thompson & Sons, Inc., et al., | |
| Counter-Claimants, | |
| vs. | |
| Dudley Greer, dba Greer Farms, | |
| Counter-Defendant. | |

Before the Court is the Renewed Motion for Award of Attorney's Fees and Costs by Defendants/Counter-Claimants T.F. Thompson & Sons, Inc., et al. ("Thompson"). (Doc. 132.) Plaintiff/Counter-Defendant Dudley Greer, dba Greer Farms ("Greer") has responded, Thompson has replied, and the matter is fully briefed. (Docs. 134, 135.) The Court will grant Thompson's motion in part, and deny in part.

## BACKGROUND

Greer filed the initial complaint in this case against Thompson, alleging four claims arising out of contract, one claim for negligence, and one claim for fraudulent concealment.

1 (Doc. 1.) The dispute centered around Greer's assertion that Thompson sold Greer diseased
2 seed potatoes. (Id.) Thompson filed a motion in limine to exclude Plaintiff's expert witness,
3 which the Court granted. (Doc. 111.) The Court then also granted Thompson's motion for
4 summary judgment on all six of Greer's claims, finding that in light of the exclusion of
5 Greer's witness, there was no longer any genuine dispute of material facts sufficient to
6 support those claims. (Id.)

7 Thompson subsequently filed its original motion for attorney fees and costs. (Doc.
8 114.) Greer then filed a motion to alter or amend the judgment of the Court pursuant to
9 FED.R.CIV.P. 59(e), arguing that the Court's ruling excluding Greer's witness and granting
10 summary judgment for Thompson misapprehended the factual record, improperly resolved
11 disputed factual issues, and was manifestly unjust. (Doc. 117.) The Court ordered
12 Thompson to respond to Greer's motion to amend judgment, which Thompson did. (Doc.
13 118; Doc. 123.) Greer also filed his response to Thompson's original motion for attorney
14 fees and costs, and Thompson replied. (Doc. 119; Doc. 124.)

15 The Court then denied Greer's motion to amend the judgment. (Doc. 125.) On
16 February 21, 2012, Greer appealed the Court's judgment to the United States Court of
17 Appeals for the Ninth Circuit. (Doc. 127.) In light of the appeal, this Court denied
18 Thompson's original motion for attorney fees without prejudice to re-file pending disposition
19 of the appeal. (Doc. 130.) On June 22, 2012, the Court of Appeals granted Greer's motion
20 to dismiss the appeal. (Doc. 131.) Thereupon, Thompson filed its renewed motion for
21 attorney fees, asking once again for attorneys fees, with the additional inclusion of attorney
22 fees incurred by Thompson in responding both to Greer's motion to amend the judgment and
23 Greer's appeal to the Ninth Circuit. (Doc. 132; Doc. 133.)

24 **LEGAL STANDARD**

25 An Arizona court may award reasonable attorney fees to a successful party in any
26 contract action. ARIZ. REV. STAT. § 12-341.01(A). "In any contested action arising out of
27 a contract, express or implied, the court may award the successful party reasonable attorney
28 fees." ARIZ. REV. STAT. § 12-341.01(A). However, this statutory provision does not create

1  a presumption that a successful party is entitled to attorney fees. <u>Associated Indem. Corp.
2  v. Warner</u>, 694 P.2d 1181, 1182-83 (Ariz. 1985) (en banc). An award of reasonable attorney
3  fees under § 12-341.01(A) should be made to mitigate the burden of the expense of litigation
4  to establish a just claim or a just defense. ARIZ. REV. STAT. § 12-341.01(B). "It need not
5  equal or relate to the attorney fees actually paid or contracted, but the award may not exceed
6  the amount paid or agreed to be paid." <u>Id.</u>

7  The trial court has discretion to award attorney fees under § 12-341.01(A) and is
8  urged to use the following factors in making its determination: (1) the merits of the claim or
9  defense presented by the unsuccessful party; (2) whether the litigation could have been
10 avoided or settled and the successful party's efforts were completely superfluous in achieving
11 the results; (3) whether assessing fees against the unsuccessful party would cause an extreme
12 hardship; (4) whether the successful party did not prevail with respect to all the relief sought;
13 (5) the novelty of the legal question presented; (6) whether such claim or defense had
14 previously been adjudicated in this jurisdiction; and (7) whether the award in any particular
15 case would discourage other parties with tenable claims or defenses from litigating or
16 defending legitimate contract issues for fear of incurring liability for substantial amounts of
17 attorney fees. <u>Warner</u>, 694 P.2d at 1184.

18 If there is any reasonable basis for the exercise of the trial court's discretion in
19 awarding attorney fees under Section 12-341.01, an appellate court will not disturb the trial
20 court's judgment. <u>Id.</u> at 1184-85. L.R.Civ. 54.2(d) identifies the supporting documentation
21 a movant must provide in support of a motion for attorney fees, including a statement of
22 consultation from moving counsel, a copy or recitation of the fee agreement, an itemized fee
23 and expense report, and an affidavit establishing the reasonableness of the rate, time spent,
24 and expenses incurred.

25 In regards to attorney fees for appellate work, Ninth Circuit Rule 39-1.6(a) provides:

26 *Time Limits*. Absent a statutory provision to the contrary, a request for attorneys' fees shall be filed no later than 14 days after the expiration of the
27 period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed.
28

Ninth Circuit Rule 39-1.8 further provides that any party who may be eligible for attorney fees on appeal may "within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court . . . from which the appeal was taken."

This rule authorizes the Ninth Circuit to transfer a request for appellate fees to the district court, "but the decision to permit the district court to handle the matter rests with the court of appeals," and absent transfer a district court is not authorized to rule on a request for such fees. Cummings v. Connell, 402 F.3d 936, 947-48 (2005). However, a district court may be authorized to rule on a motion for appellate attorneys' fees where the language of the fee-shifting statute relied on by the moving party allows the district court to award fees for all levels of litigation. See NRDC v. Winter, 543 F.3d 1152, 1164 (2008) (finding that the fee-shifting statute at issue allowed the district court to award appellate fees, because the statute stated that a court shall award fees incurred by the prevailing party in any civil action brought "*in any court* having jurisdiction of that action." (emphasis in original)).

## DISCUSSION

Thompson requests this Court award it $227,744.50 in attorney fees and costs arising from its defense against Greer's claims. (Doc. 133.) Thompson includes in this calculation additional fees and costs incurred in the time since filing its original motion for fees, which Thompson asserts were incurred responding both to Greer's Motion to Amend and his appeal to the Ninth Circuit. (Id.)

Greer responds with four main arguments. (Doc. 134.) First, that this Court's previous order denying Thompson's original motion with leave to re-file precludes Thompson from filing this new, revised motion. (Id.) Second, that this Court should deny Thompson's request for appellate fees because it failed to properly request such fees before the Ninth Circuit. (Id.) Third, that Thompson has failed to establish the reasonableness of its overall request for fees. (Id.) And fourth, that Thompson has failed to establish the specifics of its fee agreement with counsel, the reasonableness of its hourly rate, and the reasonableness of time spent by counsel. (Id.)

Additionally, Greer incorporates his previous response to Thompson's original motion for fees (Doc. 119). (Id.) In that original response, Greer argued further that Thompson's itemized list of charges included a number of items for which attorney fees should not be awarded, such as travel time and clerical tasks. (Doc. 119 at 13-15.) The Court will address each of Greer's objections in turn.

### I.     Thompson's Revised Motion for Fees

The Court finds that Thompson is not precluded from bringing this revised motion for attorney fees. While the Court's prior order (Doc. 130) stated that Thompson could "reinstate its motion at the proper time" by filing a motion to renew, the Court did not prohibit Thompson from updating the motion. (Id.) Moreover, after Thompson's original motion was submitted, Greer filed a motion to reconsider the Court's order granting summary judgment, and this Court ordered Thompson to respond. (Doc. 118.) The Court finds that there is no just reason to prohibit Thompson from updating its motion to include those fees Thompson alleges were incurred responding to Greer's motion to reconsider.

### II.    Thompson's Request for Appellate Fees

As to Thompson's claim for fees incurred as a result of Greer's appeal, Greer argues that Thompson's request must be denied for his failure to properly present the request before the Ninth Circuit. (Doc. 134.) Greer asserts that because Thompson filed neither a request for attorney fees before the Ninth Circuit, nor a request for transfer of the issue back to this Court, Thompson cannot be awarded these fees by this Court. (Id. at 5-6.)

Thompson responds by arguing that the language of ARIZ. REV. STAT. § 12-341.01(A) "does not limit an award of attorneys' fees by this Court to only that portion of litigation before this Court, but permits the Court to properly award fees for all levels of litigation." (Doc. 135 at 4.) In support of this assertion, Thompson cites to NRDC, 543 F.3d at 1164. (Id.) Thompson's reliance on NRDC is misplaced. In that case, the Ninth Circuit held that the district court could award appellate fees despite the movant's failure to satisfy Ninth Circuit Rules, because the fee-shifting statute relied upon there, 42 U.S.C. § 1988, stated explicitly that a court should award fees and other expenses incurred "*in any court* having

jurisdiction of that action." NRDC, 543 F.3d at 1164 (emphasis in original) (internal citations omitted).

Here, Thompson offers no support for its theory that ARIZ. REV. STAT. § 12-341.01(A) contains any such permissive language. (Doc. 135.) While the Court notes that section 12-341.01(A) does not explicitly limit the district courts to awarding fees incurred at that level, neither does the plain language "indicate that the district court may properly award fees for *all* levels of litigation." NRDC, 543 F.3d at 1164. Moreover, 39-1.6 provides that the time and procedural strictures will apply "*absent a statutory provision to the contrary.*" Ninth Circuit Rule 39-1.6(a) (emphasis added). Here, there is no provision in ARIZ. REV. STAT. § 12-341.01(A) which can be fairly read to contradict the clear requirements of the Ninth Circuit rules. Thus, this Court finds that Thompson's request for the $6,210.00 in fees incurred at the appellate level must be denied.

### III. Reasonableness of Overall Request for Fees

The Court finds that Thompson's request for an award of attorney fees is reasonable. This Court previously found that Greer's case depended so heavily on the unreliable and unsupported assertions of its expert that all six claims were dismissed on summary judgment once the Court excluded the expert's testimony. (Doc. 111.) In addition, Greer's initial demand prior to filing this suit was for $437,897.18. (Doc. 119 at 9.) The Court finds that Defendant's refusal of this demand was reasonable. Thereafter, the parties attempted settlement through formal mediation, but were unsuccessful. (Doc. 133 at 5.)

Greer contends that an award of attorney fees would constitute a significant financial hardship, and that the Court should thus deny Thompson's motion. However, on October 18, 2012, the Court granted Greer thirty days in which to file verified financial statements under seal as evidence of financial hardship. (Doc. 136.) Greer failed to file any such documents, and thus the Court has no substantiated evidence of financial hardship.

Thompson prevailed with respect to all relief sought, and this case did not present novel legal issues. Greer argues, however, that an award of fees to Thompson will have a chilling effect on the pursuit of other tenable claims. (Doc. 119 at 11.) Greer alleges that

1  Thompson was defended by the Fireman's Fund under a reservation of rights, which
2  provided unlimited funds to Thompson for litigation, but no funds to settle, which created
3  a natural incentive for Thompson to litigate aggressively and refuse to negotiate toward
4  settlement. (Id.) The Court disagrees that the mere fact that Thompson was defended under
5  a reservation of rights necessarily leads to a conclusion that Thompson did not engage in
6  good faith settlement discussions. Thus, Greer fails to show that an award of fees in this case
7  would have a deterrent effect on the pursuit of other, meritorious claims.

8  Therefore, the Court finds that Thompson's overall request for attorney fees in this
9  case is reasonable.

**IV.  Thompson's Fee Agreement, Reasonableness of Hourly Rate, and Reasonableness of Time Spent.**

12  Greer next argues that Thompson has failed to comply with the requirements of
13  L.R.Civ. 54.2(d)(2), by not submitting the proper documentation of its fee agreement with
14  counsel. (Doc. 134 at 7.) Greer's argument is without merit. L.R.Civ. 54.2(d)(2) provides
15  that a copy of any written fee agreement, "or a full recitation of any oral fee agreement" must
16  be attached to the memorandum in support of a motion for attorney fees. Here, Thompson
17  provides a copy of the e-mail correspondence in which it established the fee agreement with
18  counsel. (Doc. 133-2.) Moreover, Thompson's attorney Stephen McCarron recites the fee
19  agreement fully in his statement. (Doc. 133-5 at 7.) Thus, the Court finds that Thompson
20  properly complied with the documentation requirements of the local rules.

21  Greer argues further that the hourly rate of $300.00 paid by Thompson was not
22  reasonable. (Doc. 134 at 8.) Greer alleges that Thompson provides no evidence that this rate
23  is reasonable for insurance defense work in the Phoenix, Arizona legal community, and that
24  Mr. McCarron's declaration does not establish his familiarity with the prevailing community
25  rates. (Id.)

26  Greer's argument here is unavailing; L.R.Civ. 54.2(d)(4)(B) requires a "brief
27  discussion of the terms of the written or oral fee agreement," and "the method by which the
28  customary charges were established, the comparable prevailing community rate or other

1 indicia of value of the services rendered." Here, attorney McCarron's statement adequately
2 supports the hourly rate with discussion of the value of the services rendered by him and his
3 co-counsel, attorneys with substantial experience in agricultural litigation. (Doc. 133-5 at
4 3-6.) Moreover, the Court is entitled to rely on its own familiarity with customary rates and
5 the reasonableness of attorney fees. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir.
6 2011). Thus, the Court finds that Thompson's requested hourly rate is reasonable.

7 Finally, Greer challenges the reasonableness of the time spent by Thompson's
8 attorneys on two grounds: (1) that the billing ledger evidences inaccurate billing by attorney
9 McCarron; and (2) that Thompson's claimed hours spent responding to his Motion to Amend
10 are excessive and improper. (Doc. 134 at 8-10.)

11 Greer argues that Mr. McCarron's billing practices are obviously inaccurate due to
12 the fact that Mr. McCarron "never made a billing entry for less than two-tenths of an hour
13 in over two years of litigation," and that "all of [his] time entries over 1.3 hours are billed to
14 the nearest half hour and usually to the nearest hour." (Doc. 134 at 9.) Thompson responds
15 by pointing out that this billing method reflects the division of labor between himself and his
16 co-counsel Ms. Fassett, as evidenced by the numerous time entries of one-tenth of an hour
17 in her billing log. (Doc. 135 at 6.) The Court finds that Thompson's billing logs do not
18 reflect an unreasonable accounting of time spent.

19 Greer argues also that the time spent by Thompson's attorneys was not reasonable,
20 alleging that Thompson claims excessive hours spent responding to Greer's Motion to Alter
21 or Amend Judgment. (Doc. 134 at 9-10.) According to Greer, Thompson's attorneys could
22 have prepared their response in less than the forty hours claimed. (Id.) Greer's argument,
23 however, amounts to nothing more than baseless second-guessing of the time spent by
24 Thompson's attorneys – time which was necessitated by Greer's filing of the Motion to
25 Amend. Thus, the Court finds that the time spent by Thompson's counsel in responding to
26 that motion was not unreasonable.

27 In its original response to Thompson's first motion for fees, Greer argued also that
28 Thompson's itemized list of charges included a number of items for which attorney fees

should not be awarded, such as travel time and clerical tasks. (Doc. 119 at 13-15.) Thompson responded to Greer's argument by agreeing to forego its claim for those 91.90 hours Greer alleged were improper. (Doc. 124 at 4.) Thus, this argument is moot.

## CONCLUSION

Therefore, after a review of the record, including the affidavit of Stephen M. McCarron and an accompanying itemized statement of fees, the Court finds that Thompson's claim for attorneys' fees in the amount of $227,744.50 is reasonable, with the exception of the $6,210.00 claimed in appellate fees. Thus, Thompson will be awarded fees in the amount of $221,534.50.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees is **GRANTED** in part and **DENIED** in part. (Doc. 132)

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Defendant Thompson for attorneys' fees in the amount of $221,534.50.

DATED this 11th day of December, 2012.

_____
Stephen M. McNamee
Senior United States District Judge