WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dudley Greer, d/b/a Greer Farms, | No. CV-10-799-PHX-SMM |
| Plaintiff, | |
| vs. | **ORDER** |
| T.F. Thompson & Sons, Inc., et al., | |
| Defendants. | |
| T.F. Thompson & Sons, Inc., et al., | |
| Counter-Claimants, | |
| vs. | |
| Dudley Greer, d/b/a Greer Farms, | |
| Counter-Defendant. | |

Before the Court are two related motions: (1) Defendant T.F. Thompson & Sons, Inc.'s Motion for Judgment Debtor Exam (Doc. 139); and (2) Intervenor Judy Greer's Motion to Set Aside Judgment as to Community (Doc. 174). The motions are fully briefed. (Docs. 148, 154, 165, 166, 173, 176, 177.) After considering the parties' positions, the Court will deny the motion to set aside the judgment, and deny the motion for judgment debtor exam.

## BACKGROUND

This case began when Plaintiff Dudley Greer, d/b/a Greer Farms, filed a complaint

1   against Defendant T.F. Thompson & Sons, Incorporated ("Thompson") on April 12, 2010.
2   (Doc. 1.)  In his complaint, Plaintiff alleged that Thompson sold him diseased seed potatoes.
3   (Id.)  The Court subsequently granted Thompson's motion for summary judgment against
4   Plaintiff on grounds that Plaintiff's expert did not satisfy the Daubert standard, and entered
5   judgment in favor of Thompson.  (Doc. 111; Doc. 112.)

6   Thompson promptly moved for an award of attorney fees and costs pursuant to A.R.S.
7   § 12-341.01(A).  (Doc. 114.)  Dudley Greer then moved to Amend the Court's Judgment
8   (Doc. 117), arguing that the Court's ruling granting Thompson's motion for summary
9   judgment had misapprehended the factual record, improperly resolved disputed factual
10  issues, and was manifestly unjust.  The Court allowed the issue of reconsideration to be
11  briefed, ordering Thompson to respond.  (Doc. 118.)  The Court subsequently denied the
12  motion for reconsideration.  (Doc. 125.)  Greer then appealed the Court's judgment to the
13  Ninth Circuit.  (Doc. 127.)

14  Dudley Greer also filed a response to Thompson's motion for attorney fees, arguing
15  that an award of attorney fees against him would constitute an extreme financial hardship.
16  (Doc. 119.)  Greer also filed a motion for leave to file confidential financial information
17  under seal (Doc. 120).  In his motion to seal, Greer requested permission to file information
18  from the joint federal income tax returns filed in 2009 and 2010 by Greer and his wife Judy
19  Greer.  (Doc. 120 at 1.)  Greer also wished to file a "joint statement of financial affairs of
20  Mr. And Mrs. Greer.  (Id.)  After reviewing the documents Greer wished to have filed under
21  seal, the Court denied the motion.  (Doc. 122.)  The Court denied the motion pursuant to
22  L.R.Civ. 5.6(b), because Greer failed to set forth any legal justification nor any compelling
23  reasons for the proposed sealing of each document.  (Id.)  The Court then denied Thompson's
24  motion for attorney fees without prejudice, pending the outcome of Greer's appeal to the
25  Ninth Circuit.  (Doc. 130.)

26  Greer subsequently dismissed his appeal, and Thompson then renewed its motion for
27  attorney fees and costs.  (Doc. 132.)  In his response to the motion, Dudley Greer again
28  asserted that an award of attorney fees against him would cause an extreme financial

1    hardship. (Doc. 120.) The Court was mindful of Greer's claim of undue hardship, and

2    therefore offered him the opportunity to again file financial statements under seal – noting

3    that Greer's previous attempt to file statements under seal had been deficient because the

4    statements were not in the form of sworn affidavits, nor were they authoritative evidence of

5    Greer's entire financial situation. (Doc. 136 at 2.) Therefore, the Court postponed ruling on

6    Thompson's motion, and gave Greer thirty days in which to submit financial documents for

7    filing under seal. (Id.)

8        Greer, however, did not submit any financial documents, and the Court therefore

9    issued its ruling on Thompson's motion for attorney fees, on December 11, 2012. (Doc.

10   137.) The Court granted the motion, finding that Thompson's overall request for fees was

11   reasonable and supported by the record and the attorneys' affidavits, with the exception of

12   Thompson's request for fees incurred when the case was on appeal to the Ninth Circuit. (Id.)

13   The Court thus entered judgment against Defendant in the amount of $221,534.50 for fees

14   and costs pursuant to Ariz. Rev. Stat. § 12-341.01(A). (Id.)

15       On April 18, 2013, Thompson applied for a Writ of Garnishment on Arizona Business

16   Bank to satisfy the unpaid judgment for fees and costs. (Doc. 155.) The Writ was issued the

17   following day (Doc. 156), and duly served upon Garnishee Arizona Business Bank on April

18   22, 2013. (Doc. 157). Garnishee filed its Answer on April 29, 2013, stating that it possessed

19   $93,777.74 in a bank account belonging to Dudley Greer at the time of service of the Writ.

20   (Doc. 158.)

21       On May 6, 2013, Dudley Greer filed a Request for Hearing on the Garnishment,

22   objecting to the garnishment on the grounds that the funds are community property and thus

23   exempt from garnishment under Ariz. Rev. Stat. 25-215(D) because his wife Judy Greer was

24   not joined in the original action. (Doc. 163.) That same day, Judy Greer filed a motion to

25   intervene in this action for the purpose of objecting to the garnishment on the same grounds.

26   (Doc. 165.) In her declaration accompanying the motion to intervene, Judy Greer averred

27   that Greer Farms, and all funds generated or acquired by Greer Farms, are community

28   property. (Docs. 165-1, 165-2.) The Court granted Judy Greer's motion to intervene, in

order to give her the opportunity to present any argument concerning her independent rights to the community funds, as distinct from those presented by Dudley Greer. Judy Greer thereupon filed her Motion to Set Aside Judgment as to Community (Doc. 174).

## LEGAL STANDARD

Rule 60(b), Fed. R. Civ. P., permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)-(b)(6).

Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 60(b) motion must be brought within a "reasonable" time, which cannot be more than one year if the motion is based on mistake, newly-discovered evidence, or fraud. See Fed. R. Civ. P. 60(b).

Section 12-341.01, Ariz. Rev. Stat., provides that in any action arising out of a contract, the court may award the successful party reasonable attorney fees. The award of fees under the statue is made "to mitigate the burden of the expense of litigation to establish a just claim or a just defense." A.R.S. § 12-341.01(B).

Section 25-215(D), Ariz. Rev. Stat., states in relevant part (emphasis added):

> Except as prohibited in § 25-214, either spouse may contract debts and otherwise act for benefit of the community. **In an action on such a debt or obligation the spouses shall be sued jointly** and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.

Section 25-214(B) provides that spouses have equal management, control, and disposition rights over their community property and have equal power to bind the community. Further:

[e]ither spouse separately may acquire, manage, control or dispose of
community property or bind the community, except that joinder of both
spouses is required in any of the following cases:
1. Any transaction for the acquisition, disposition or encumbrance of an
interest in real property other than an unpatented mining claim or a lease of
less than one year.
2. Any transaction of guaranty, indemnity or suretyship.
3. To bind the community, irrespective of any person's intent with respect to
that binder, after service of a petition for dissolution of marriage, legal
separation or annulment if the petition results in a decree of dissolution of
marriage, legal separation or annulment.

A.R.S. § 25-214(C).

## DISCUSSION

Judy Greer moves to set aside the judgment awarding attorney fees pursuant to Fed.
R. Civ. P. 60(b)(4) and/or (6). (Doc. 174.) Judy Greer argues that the judgment is void
pursuant to A.R.S. § 25-215(D) because Judy Greer was not joined in this action, and
therefore the judgment cannot be satisfied by garnishment of Greer Farms' funds, which are
community property. In support of her argument, she cites to Spudnuts, Inc. v. Lane, 139
Ariz. 35, 676 P.2d 669 (App. 1984). In that case, the Arizona Court of Appeals applied
A.R.S. § 25-215(D) to hold that the plaintiff judgment creditor could not collect from the
defendant judgment debtor's marital community because the debtor's spouse had not been
joined in the action. Id. at 36, 676 P.2d at 670.

Thompson argues in response that A.R.S. § 25-215(D) is inapplicable in this case,
because this was not an action brought to enforce an obligation of the community, but rather
an action brought by Dudley Greer d/b/a/ Greer Farms which led to the imposition of fees
and costs against the farm. Thus, Thompson argues that Spudnuts is inapplicable, because
there, the Court was addressing an entirely different question: whether the plaintiff there
could amend its pleadings to join the defendant's spouse after judgment had been entered
against the defendant. Id. at 36, 676 P.2d at 670. By contrast, here Dudley Greer d/b/a
Greer Farms is the plaintiff, and initiated this case – this is not an action on a contract debt
or other community obligation brought by Thompson against Dudley Greer. Thompson
instead is seeking to enforce a judgment of attorney fees against Greer Farms which arose
as a result of Greer Farms' own actions in filing this contract suit.

1   The Court agrees with Thompson that A.R.S. § 25-215(D) does not apply here, and

2   finds that the judgment at issue in this case may be satisfied by Greer Farms' assets despite

3   that they may be marital community.  A.R.S. § 25-214(C) allows that either spouse may act

4   to bind the marital community, except in three distinct situations, none of which apply here.

5   Thus, when Defendant Greer filed this action against Thompson alleging breach of contract,

6   he bound the marital community with respect to the possibility that the fee-shifting statute

7   A.R.S. § 12-341.01 might apply to hold Greer Farms responsible for Thompson's attorney

8   fees and costs.

9       A.R.S. § 25-215(D) does not apply because that statue only mandates joinder of both

10  spouses **in an action on a debt or obligation**.  This judgment does not arise from an action

11  brought against a debt or obligation of the community.  By the same token, Spudnuts is not

12  applicable here.  The court's language in Spudnuts is clear and unambiguous, and does not

13  squarely fit the facts in this case: "A.R.S. § 25-215(D) provides that if **a plaintiff** wants to

14  hold a marital community accountable for an obligation, both spouses must be sued jointly."

15  139 Ariz. at 36 (emphasis added).  Thompson is not a plaintiff seeking to enforce an

16  obligation entered into by a defendant pursuant to A.R.S. § 25-215(D).

17      Here, although Judy Greer was not a named plaintiff alongside Dudley Greer, this

18  action was initiated by Dudley Greer **doing business as Greer Farms.**  As Judy Greer

19  herself states in her declaration, Greer Farms is a business activity which was "pursued for

20  many years by [Dudley] Greer and I in furtherance of our marital community."  (Doc. 165-

21  2.)  As such, when Dudley Greer initiated this action on behalf of Greer Farms, he was

22  binding that community property to this potential outcome.  Thus, Dudley and Judy Greer

23  cannot now seek to avoid the responsibility that Greer Farms undertook when Dudley Greer

24  initiated this action, merely by claiming that Thompson should have joined Judy Greer.

25  Because Greer Farms initiated this suit, Greer Farms' assets were bound and exposed to

26  potential liability for attorney fees and costs by virtue of A.R.S. §§ 12-341.01(B), and 25-

27  214(B).  Dudley Greer, suing on behalf of Greer Farms, had the independent ability to bind

28  the community, and Greer Farms' assets may therefore be applied against the award of

1    attorney fees and costs even though those assets may be community property.

2          Judy Greer argues also, however, that set-aside is warranted in this case because she

3    was not afforded a meaningful opportunity to be heard before her community property was

4    placed in a position of potential seizure by Thompson.  (Doc. 174 at 5.)  She contends that

5    she had a right to be heard on the issues presented in Thompson's motion for summary

6    judgment, and on the issue of attorneys' fees "including the right to decide on whether to

7    provide the financial statements requested by the Court to demonstrate the substantial

8    financial hardship represented by the award of attorneys' fees."  (Id.)

9          Judy Greer's argument here is not well taken.  The Court notes that Judy Greer had

10   every right to join in this action from the outset of litigation, either cooperatively with

11   Dudley Greer or by moving to intervene.  Indeed, Judy Greer does not allege that she did not

12   have full and fair notice that this suit was pending on Greer Farms' behalf.  More

13   importantly, however, the Court notes that during the briefing stages of Thompson's motion

14   for attorney fees, Judy Greer participated by preparing for filing under seal joint financial

15   statements with Dudley Greer.  Thus, it is readily apparent that Judy Greer was aware of and

16   involved with Dudley Greer's response to Thompson's motion for attorney fees – to the

17   extent that she felt that Dudley Greer was not adequately representing the interests of the

18   community, she could have moved to intervene at that time.  She did not do so, and it is

19   disingenuous for her to now claim that she had no opportunity to be heard on the financial

20   impact to the community.

21         Dudley Greer was independently entitled to file this suit against Thompson, and the

22   Court was statutorily authorized to award Thompson a judgment of attorney fees.

23   Thompson's motion for attorney fees was fully litigated by Dudley Greer; had Judy Greer

24   wished to intervene at that point in the litigation in order to participate in briefing that issue,

25   she was entitled to move for intervention at that time.  That Judy Greer did not join as a

26   plaintiff in this action at the outset does not now mean that she may seek to completely

27   overturn the judgment merely because she believes that Dudley Greer did not effectively

28   represent her interests.

Moreover, even if the Court agreed with the Greer's argument that the award of attorney fees could not be satisfied against the marital community without Judy Greer being joined, the Court would be restricted to a ruling that Thompson could not enforce the judgment against the community property without joining Judy Greer in the suit.  Then, in order for Thompson to attempt to enforce the judgment against the Greer's community property, Thompson would simply need to file a new suit to enforce the judgment, joining both Greers as defendants/judgment debtors.  As of now, however, Judy Greer has been joined in this suit as a result of the Court's grant of her motion to intervene.  The end result, therefore, is the same: Judy Greer is party to the suit, and has been afforded a full and fair opportunity to argue against imposition of the judgment against the community.

Accordingly, the Court finds that the award of attorney fees against Dudley Greer d/b/a Greer Farms may be satisfied by the Greer's community property, and the Court will deny the Greers' motions to set aside the judgment.

Also pending before the Court at this time is Thompson's Motion for Judgment Debtor Examination.  (Doc. 139.)  Because the Court will deny the Motion to Set Aside Judgment as to Community (Doc. 174), Thompson is now entitled to conduct such examination as is appropriate in order that Thompson may recover the outstanding amount of the judgment.

However, in its motion, Thompson requests that the Court order Dudley Greer to appear for examination and produce various documents.  After full briefing of Thompson's motion for examination and through hearings before the Court, the Court finds that Dudley Greer is incapable of participating in any such examination due to severe health issues.  Thus, the Court will deny the motion for judgment debtor exam of Dudley Greer.  The Court notes, however, that this does not preclude Thompson from conducting further examination of Greer Farms' assets through other avenues.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** the Motion to Set Aside Judgment as to

Community by Intervenor Judy Greer.  (Doc. 174.)  Those earnings garnished by Garnishee Arizona Business Bank may be applied to the judgment of attorney fees and costs awarded in favor of Thompson.

**IT IS FURTHER ORDERED** directing Garnishee Arizona Business Bank to release the garnished funds to Thompson.

**IT IS FURTHER ORDERED denying** the Motion for Judgment Debtor Examination.  (Doc. 139.)

**IT IS FURTHER ORDERED denying as moot** the Motions for Oral Argument or Decision on Motion by Intervenor Judy Greer.  (Docs. 178, 179.)

**IT IS FURTHER ORDERED vacating** the Status Conference currently set for September 16, 2013 at 11:00 a.m.

DATED this 26th day of August, 2013.

Stephen M. McNamee
Senior United States District Judge